# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE J. HALL,

    Plaintiff,

v.                                                                     Case No. 12-11497

LAPEER COUNTY MEDICAL
EXAMINER'S OFFICE, et al.,

    Defendants.

_____/

### OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

Plaintiff Bruce Hall initiated this *pro se* action on April 3, 2012, alleging an unspecified civil rights claim against Defendants the Lapeer County Medical Examiner's Office, Deputy Medical Examiner Jason Parks, and Lapeer County Prosecutor Byron Konchuh. Plaintiff has filed an application to proceed *in forma pauperis*, which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

## I. STANDARD

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to dismiss complaints that are frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570. A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Dismissal of a complaint under § 1915(e)(2) for failure to state a claim on which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

## II. DISCUSSION

The court's review of Plaintiff's complaint reveals that it must be dismissed under 28 U.S.C. § 1915(e)(2). Even when viewed with the leniency the court accords to pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the filing Plaintiff submitted to the court is nearly inscrutable. The entirety of the document labeled "civil rights complaint" is a single, cryptic sentence: "Whos [sic] body parts are they." A letter Plaintiff appended to this document seemingly espouses on this statement. There, amongst descriptions of numerous injustices Plaintiff feels he has suffered at the hands of Lapeer County officials, Plaintiff recounts an alleged incident that occurred in 2005. According to Plaintiff, after a relative of his died in a multiple-fatality wreck in the family car, he and his parents received a call to pick up the vehicle; they arrived at the impound lot only to find severed limbs and other human remains still inside of the car.

2

While these events, if they occurred, are undoubtedly horrific, the claim Plaintiff wishes to bring is far from clear. The only legal authority mentioned in Plaintiff's filing is the "1968 Native American Civil Rights Act," which the court assumes is a reference to the Indian Civil Rights Act of 1968, 25 U.S.C. §§ 1301-03. However, this statute requires "Indian tribe[s] . . . exercising powers of self-government" to observe certain civil rights, and is not applicable to the county officials and county department named as Defendants. Moreover, even if the court construed Plaintiff's complaint as one under 28 U.S.C. § 1983, it was filed far outside of the three-year statute of limitations applicable to such actions in the state of Michigan. Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). *See generally Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that state statute of limitations for personal injury actions applies to § 1983 claims). Thus, even under the most generous construction, Plaintiff's complaint fails to state a claim on which relief can be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations [in a complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2).

  s/Robert H. Cleland  
ROBERT H. CLELAND

3

UNITED STATES DISTRICT JUDGE

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522